Filed 2/16/22  P. v. Mark CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>MELVIN LAMAR MARK,<br><br>     Defendant and Appellant. | A162912<br><br>(Contra Costa County<br>Super. Ct. No. 50405381) |

Defendant Melvin Lamar Mark appeals an order summarily denying his petition for resentencing under the then applicable statute, Penal Code[1] former section 1170.95 (Stats. 2018, ch. 1015).  The trial court denied the petition, finding that Mark was ineligible for relief as he had been convicted of attempted murder, not murder.  Because section 1170.95 has been amended, effective January 1, 2022 (Stats. 2021, ch. 551, § 2; Cal. Const., art. IV, § 8, subd. (c)(1)), to explicitly allow persons to petition for resentencing of attempted murder convictions, we reverse and remand.

---

[1]     All undesignated statutory references are to the Penal Code.

1

## BACKGROUND

In April 2004, the Contra Costa County District Attorney filed an information alleging Mark committed a number of crimes, including attempted murder. In June 2005, Mark pleaded no contest to attempted murder (§§ 187, 664), admitted three prison priors (§ 667.5, subd. (b)), and admitted a prior strike and serious felony (§§ 667, subds. (a)(1), (b)-(i)). All remaining counts and allegations were dismissed. In July 2005, the trial court sentenced Mark to an aggregate prison term of 22 years.

In January 2020, Mark, representing himself, filed a form petition for resentencing under former section 1170.95. He refiled his form petition in October 2020 and the court appointed counsel. In April 2021, the trial court summarily denied the petition on the basis that Mark was ineligible for relief because he had been convicted of attempted murder, not murder. A timely appeal ensued.

## DISCUSSION

In 2018, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.), adding sections 188 and 189, for the purpose of amending "the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).)" (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).) As part of Senate Bill No. 1437, the Legislature also added former section 1170.95 "to provide a procedure for those convicted of felony murder or murder under the natural and probable consequences

doctrine to seek" resentencing under the new ameliorative provisions amending sections 188 and 189. (*Gentile, supra,* at p. 843.)

There ensued a split of authority among the Courts of Appeal as to whether former section 1170.95 applied to attempted murder convictions. During the pendency of this appeal, Senate Bill No. 775 (2021–2022 Reg. Sess.) resolved this split of authority by amending section 1170.95, to clarify that "persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural and probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories." (Stats. 2021, ch. 551, § 1 [Legislature's findings and declarations].) Senate Bill No. 775 became effective on January 1, 2022. (Cal. Const., art. IV, § 8, subd. (c)(1).)

We conclude Mark is entitled to the benefit of section 1170.95, as amended effective January 1, 2022, since "a defendant generally is entitled to benefit from amendments that become effective while his case is on appeal." (*People v. Vieira* (2005) 35 Cal.4th 264, 305; see *People v. Porter* (2022) 73 Cal.App.5th 644, 652 [appellate court found section 1170.95, as amended effective January 1, 2022, applied to the defendant's petition filed under former section 1170.95, since "the trial court's order denying the petition is not yet final and Senate Bill No. 775 has already taken effect"]; see generally *Western Security Bank v. Superior Court* (1997) 15 Cal.4th 232, 244 ["[w]hether a statute should apply retrospectively or only prospectively is, in the first instance, a policy question for the legislative body enacting the statute"; "[w]here a statute provides that it clarifies or declares existing law, '[i]t is obvious that such a provision is indicative of a legislative intent that the

3

amendment apply to all existing causes of action from the date of its enactment,' " and " '[i]n accordance with the general rules of statutory construction, we must give effect to this intention unless there is some constitutional objection thereto' "].)

We also agree with Mark, and accept the Attorney General's concession, that the order summarily denying the petition for resentencing should be reversed and the matter remanded to the superior court with directions to conduct proceedings on the petition consistent with section 1170.95, as amended effective January 1, 2022 (Stats. 2021, ch. 551, § 2). Our decision should not be read as expressing an opinion as to how the court should rule on the petition under the amended law.[2]

## DISPOSITION

The order, filed April 22, 2021, summarily denying the petition for resentencing is reversed and the matter is remanded to the superior court with directions to conduct proceedings on the petition consistent with Penal Code section 1170.95, as amended effective January 1, 2022 (Stats. 2021, ch. 551, § 2).

---

[2] Because the matter is not ripe for review, we do not address the parties' arguments regarding what documents and information the trial court may review in deciding whether Mark has made a prima facie showing of eligibility for relief.

_____
Petrou, J.

WE CONCUR:


_____
Fujisaki, Acting P.J.


_____
Rodríguez, J.

_People v. Mark/A162912_